IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-479-FL

| | | |
|---|---|---|
| PEACE COLLEGE OF RALEIGH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY and CHARTIS CLAIMS, INC., formerly known as AIG Domestic Claims, Inc., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on its own initiative. By order entered September 16, 2010, the court granted plaintiff's motion for partial summary judgment and denied defendants' motion for partial summary judgment. The court held that defendants have a duty to defend plaintiff in a lawsuit separately pending before this court, as well as an obligation to reimburse plaintiff for defense costs already incurred in that action. The court directed the clerk of court to enter a final judgment on plaintiff's duty to defend claim under Rule 54(b) of the Federal Rules of Civil Procedure. Judgment was entered on September 17, 2010.

In its order, the court suggested that plaintiff's remaining duty to indemnify claim could not be adjudicated until there is a finding of liability against plaintiff in the separate action. The court therefore allowed the parties twenty-one (21) days within which to show cause why further proceedings on the duty to indemnify claim should not be stayed pending resolution of the issue of liability in the separate action. That time has since passed, and the parties have not shown case why further proceedings in this matter should not now be stayed.

Accordingly, as contemplated in the court's order of September 16, 2010, all further proceedings with regard to the remaining duty to indemnify claim are hereby STAYED pending resolution of plaintiff's liability in Consolidation Coal Co. v. 3M Co., et al., No. 5:08-CV-463-FL.*

SO ORDERED, this the 20th day of October, 2010.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
Chief United States District Court Judge

---

* The court notes that defendant has noticed an appeal of the court's judgment entered September 17, 2010. The stay of proceedings set forth in the instant order does not stay enforcement of the court's judgment pending appeal, and defendant has not requested such relief. See Fed. R. App. P. 8(a)(1). The stay merely encompasses any proceedings directed at the still-pending duty to indemnify claim.

2

Case 5:09-cv-00479-FL   Document 30   Filed 10/20/10   Page 2 of 2